[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

No. 04-15132
Non-Argument Calendar

_____

D.C. Docket No. 04-20392-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO PENA-RAMIREZ,

Defedant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Carlos Alberto Pena-Ramirez ("Pena-Ramirez") appeals his 70-month

sentence for the importation of one kilogram or more heroin, in violation of 21

U.S.C. § 952(a). On appeal, Pena-Ramirez argues that the district court erred in denying him a minor-role adjustment pursuant to U.S.S.G. § 3B1.2(b). After review, we affirm.

## I. BACKGROUND

Pena-Ramirez pled guilty to importation of one kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1).

### A. The Plea Colloquy

During the plea colloquy, the government set forth the following facts, which Pena-Ramirez admitted as true. On June 6, 2004, Pena-Ramirez arrived at the Miami International Airport on a flight from Barranquilla, Colombia. At a secondary examination by the Bureau of Customs and Border Protection, Pena-Ramirez's luggage was detected to have a strong odor of vinegar. This odor prompted further investigation into the contents of the luggage. The investigation revealed 2.4 kilograms of a mixture and substance containing heroin sewn inside the lining of ten pairs of blue jeans.[1]

After being advised of his <u>Miranda</u> rights, Pena-Ramirez indicated that he knew he was transporting contraband into the United States and that he was to be

---

[1]According to the PSI, the exact net weight of the heroin seized was 2,408 grams (2.4 kilograms) with a purity of 80 percent.

paid $20,000 for doing so. He indicated that he was to travel from Miami to New York and wait for a phone call to provide him with further instructions as to what to do with the heroin.

**B.  Presentence Investigation Report ("PSI") and Sentencing**

Based on the amount of heroin admitted during the plea colloquy, the PSI calculated a base offense level of 32. With a criminal history category of I, Pena-Ramirez's Guidelines range was 121-151 months' imprisonment. Pena-Ramirez objected to the PSI for not recommending a minor-role reduction.

At sentencing, Pena-Ramirez again objected to the lack of a minor-role reduction, and the district court overruled his objection. The district court first noted that Pena-Ramirez was held accountable only for the amount of heroin that he imported into the United States. The district court then found that the amount of heroin involved was "very substantial" and that Pena-Ramirez's acts constituted "a significant step" in the process and a "significant contribution" to the success of the smuggling venture. In doing so, the district court stated:

> I must make the finding that the acts for which he is being held responsible, the importation of a very substantial amount of heroin, is a significant step in the process and a significant contribution to the success of the venture of smuggling into the United States.
>     Apparently, his role transcended that of the normal situation that we frequently have where the role ends once they cross the border and

it is turned over to others to transport to New York or New Jersey or wherever it is going.

Although the district court denied Pena-Ramirez's motion for a minor-role reduction, the district court did find that Pena-Ramirez was entitled to a three-level reduction for acceptance of responsibility and a two-level safety-valve reduction. These reductions reduced Pena-Ramirez's Guidelines range to 70-87 months' imprisonment. The district court sentenced Pena-Ramirez to 70 months' imprisonment, the low end of the Guidelines range.

## II. DISCUSSION

On appeal, Pena-Ramirez argues that the district court erred by failing to grant him a minor-role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 943-44. When the relevant conduct attributed to a

4

defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader criminal scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing to grant Pena-Ramirez a minor-role reduction. Under the first prong of the De Varon test, the district court held Pena-Ramirez accountable for only the 2.4 kilograms of heroin that he admitted importing into the United States. See De Varon, 175 F.3d at 942-43 ("Therefore, when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs.").[2]

As to the second prong of the De Varon test, Pena-Ramirez argues that his role was minor in relation to the owner of the drugs and to Julio Cesar, the person who recruited him. However, even if Pena-Ramirez's role was less than that of some other participants, this Court stated in De Varon that the fact that a defendant's role is less than that of other participants involved does not

---

[2]In De Varon, this Court affirmed the district court's determination that a drug courier who attempted to smuggle 512.4 grams of heroin with a purity of 85 percent was not entitled to a minor-role reduction. 175 F.3d at 946. We relied in part on the "substantial amount of heroin of high purity." Id. In this case, Pena-Ramirez admitted to importing 2.4 kilograms of 80 percent purity.

5

automatically entitle him to a minor-role reduction because it is possible that none of the individuals is entitled to be a minor participant.  <u>De Varon</u>, 175 F.3d at 944.

For the above reasons, we affirm Pena-Ramirez's 70-month sentence.[3]

**AFFIRMED.**

---

[3]Pena-Ramirez did not raise any issue arising under <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005).  As outlined above, during the plea colloquy, Pena-Ramirez admitted the drug quantity involved in his sentencing.